IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Austin Division

| | | |
|---|---|---|
| ROHN M. WEATHERLY, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00943 |
| | ) | |
| | ) | |
| GREG ABBOTT, Governor of the State of Texas, | ) | |
| in his official capacity; | ) | **COMPLAINT FOR** |
| THE TEXAS DEPARTMENT OF PUBLIC | ) | **DECLARATORY AND** |
| SAFETY (DPS); | ) | **INJUNCTIVE RELIEF** |
| STEVEN C. McCRAW, | ) | |
| Director of the Texas Department of Public Safety, | ) | |
| in his official capacity; | ) | **JURY TRIAL DEMANDED** |
| NELDA BLAIR, member of the Public Safety | ) | |
| Commission in her official capacity; | ) | |
| STEVE STODGHILL, member of the Public | ) | |
| Safety Commission in his official capacity; | ) | |
| DALE WAINWRIGHT, member of the Public | ) | |
| Safety Commission in his official capacity; | ) | |
| MICHELLE FARRIS, Chief of Crime Records | ) | |
| Division of the Department of Public Safety in | ) | |
| her official capacity | ) | |
| JEOFF WILLIAMS, Deputy Director of Law | ) | |
| Enforcement Services for the Department of Public | ) | |
| Safety in his official capacity; | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## I.     INTRODUCTION

Rohn Michael Weatherly has never been convicted of a sexual offense. The state of Texas has never accused him of a sexual crime. Yet, once he is released from prison, Mr. Weatherly will be required—under Texas law—to publicly brand himself a sex offender. For the ten years following his release from prison, Mr. Weatherly will live with the obligations and consequences of being registered as a sex offender in the state of Texas, including the state's monitoring of his movement, incursions into his privacy, reputational harm, restrictions of his housing options and educational goals, and limitations on his recreational activities, despite the fact that he has never committed a sexual offense.

In 2014, after taking a car without knowing that his neighbor's child was sitting in the back seat, Mr. Weatherly pleaded guilty to unlawful restraint. At the time that Mr. Weatherly entered his guilty plea, he was unaware that his plea and conviction would require him to register as a sex offender. Nor did he have reason to suspect that he would be subjected to a registration requirement. Mr. Weatherly's offense did not contain any element that is sexual in nature, nor was he accused of any sexual conduct. Mr. Weatherly's original sentence omitted any reference to a registration requirement—instead, he learned of the mandatory registration requirement that attached to his conviction just over a year into his criminal sentence. A parole officer informed him of the registration requirement and, three months later, the trial court retroactively *changed* Mr. Weatherly's sentence to include mandatory sex-offender registration. Mr. Weatherly tried and failed to challenge the constitutionality of the late-stage, retroactive registration requirement; the Court of Appeals for the Second District of Texas held, over dissent, that neither it nor the trial court had jurisdiction to consider such an argument. The Court of Appeals declined to consider the merits of Mr. Weatherly's appeal.

2

The imposition of this erroneous registration requirement does not come without consequences. Registration will impair Mr. Weatherly's housing and employment prospects. It will affect where and when he can spend time with his family. Mr. Weatherly will be barred from living in certain neighborhoods. He will be forced to defame himself with false statements of sexual misconduct to employers. He will not be able to freely enjoy certain public accommodations. And, because of the public nature of the Texas sex-offender registry, Mr. Weatherly will be stigmatized by landlords, employers, and community members alike.

Upon his release, Mr. Weatherly faces a devastating choice: he must either register as a sex offender despite never having committed a sexual crime or refuse to register and risk being charged with a felony. Mr. Weatherly now brings this case under the First, Eighth, and Fourteenth Amendments to the United States Constitution and Texas Constitution to vindicate his individual rights. Mr. Weatherly seeks to prevent the ruinous and certain impacts that sex offender registration will have on his future and to correct the injustice perpetuated by the state of Texas in falsely labeling an individual as a sex offender when he has never been charged with a sex crime.

## II.    JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, as the action asserts claims arising under the U.S. Constitution and laws and under 28 U.S.C. § 1367(a).

2.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because at least one Defendant resides in this district and all Defendants are residents of Texas, the state in which this Court is located.

## III.    PARTIES

### A.  Plaintiff

3. Plaintiff Rohn Michael Weatherly is a resident of Texas. He is currently incarcerated at the Tarrant County Jail in Fort Worth, Texas.

**B. Defendants**

4. Defendant Gregory W. Abbott ("Defendant Abbott") is the Governor of the State of Texas.

5. Defendant Abbott resides in Austin, Texas and maintains an office for his official duties in Austin, Texas.

6. Defendant Abbott is responsible for executing the laws of the state of Texas and he appoints commissioners to Texas's Public Safety Commission.

7. Texas's Public Safety Commission oversees the Texas Department of Public Safety.

8. The Department of Public Safety is the Texas government agency responsible for administering the state's Sex Offender Registration Program ("SORP"). *See* TEX. CODE CRIM. PROC. arts. 62.001 *et seq.*

9. The Public Safety Commission meets for its official duties in Austin, Texas.

10. Defendant Steven C. McCraw ("Defendant McCraw") is the Director of the Department of Public Safety.

11. Defendant McCraw maintains an office for his official duties at the Department of Public Safety headquarters in Austin, Texas.

12. Defendant Nelda Blair ("Defendant Blair"), Defendant Steve Stodghill ("Defendant Stodghill"), and Defendant Dale Wainwright ("Defendant Wainwright") are members of the Public Safety Commission.

4

13.     Texas's sex-offender registry and online search are services of the Crime Records Division of the Department of Public Safety.

14.     Defendant Michelle Farris ("Defendant Farris") is the chief of the Crime Records Division of the Department of Public Safety and is responsible for overseeing the sex offender registry.

15.     The Crime Records Division is housed within Law Enforcement Services for the Department of Public Safety.

16.     Defendant Jeoff Williams ("Defendant Williams") is the deputy director of Law Enforcement Services for the Department of Public Safety.

## IV.     FACTS

17.     Even though Mr. Weatherly has never been convicted or accused of a crime that contains an element of sexual intent or action, Texas law subjects him to its unconstitutional and punitive sex-offender registration scheme.

### A.  Texas Requires Sex Offender Registration for Some Non-Sexual Offenses

18.      Sex Offender Registration Program ("SORP") delineates Texas's sex-offender registration requirements. *See generally* TEX. CODE CRIM. PROC. arts. 62.001–62.408.

19.     SORP requires individuals to register as sex offenders if they have a "reportable conviction or adjudication" for specific offenses under the Texas Penal Code. *See* TEX. CODE CRIM. PROC. art. 62.001(5).

20.     The "reportable conviction[s] or adjudication[s]" listed in SORP almost always refer to convictions for crimes that contain elements of sexual conduct or intent.[1] Reportable

---

[1] Throughout the Texas Penal Code, "sexual component," "sexual act," "sexual intent," "sexual element," and similar phrases refer generally to acts done with the intent to gratify or arouse

5

convictions include, for example, violations of section 21.01 of the Texas Penal Code ("Continuous sexual abuse of young child or disabled individual"); section 22.011 ("Sexual assault"); and section 43.26 ("Possession or promotion of child pornography"). *See* TEX. CODE CRIM. Proc. art. 62.001.

21.     Three offenses listed in SORP, however, trigger sex-offender requirements without requiring *any* finding of sexual conduct, intent, or action. These three offenses— kidnapping, aggravated kidnapping, and unlawful restraint—carry mandatory sex-offender registration requirements under SORP, despite being crimes that are not necessarily sexual in nature. *See* TEX. CODE CRIM. PROC. art. 62.001(5)(E).

22.     In Texas, an individual commits the crime of unlawful restraint—the offense Mr. Weatherly pleaded guilty to—"if he intentionally or knowingly restrains another person." TEX. PENAL CODE § 20.02 *et seq*. The Texas Penal Code defines "restrain" as "restrict[ing] a person's movement without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person." *Id.* § 20.02(1).

23.     The offense of unlawful restraint contains no sexual elements or findings of sexual intent or conduct. *See generally* TEX. PENAL CODE § 20.02.

24.     Neither the statute governing convictions for unlawful restraint (TEX. PENAL CODE § 20.02), nor the SORP registration requirement for unlawful restraint (TEX. CODE CRIM. PROC. art. 62.001(5)(E)) requires a finding of a sexual act, intent, or element, for conviction or registration, respectively.

---

sexual desire or acts that an objectively reasonable person would view as sexual. *See, e.g*., TEX. PENAL CODE chs. 20, 21, 43.

25.    There is no additional finding of sexual intent or conduct required by courts or the Department of Public Safety for a conviction of unlawful restraint to trigger the sex-offender registration requirement.

26.    A first-time conviction for unlawful restraint of a minor under seventeen (17) automatically requires registration on Texas's sex-offender registry for ten years. *See* TEX. CODE OF CRIM. PROC. art. 62.101(a)–(b).

27.    Similar to unlawful restraint, the statutes governing kidnapping and aggravated kidnapping[2] omit a sexual element. *See* TEX. PENAL CODE §§ 20.0.03, 20.04(a)(1)–(6). Both crimes also require sex-offender registration when the victim is a person under 17 years old. *See* TEX. CODE OF CRIM. PROC. arts. 62.001(5)(E), 62.051(a). The Texas Code of Criminal Procedure does not require a finding of sexual conduct or sexual intent for a conviction of kidnapping or aggravated kidnapping to trigger state sex-offender registration. *See id.* arts. 62.001(5)(E)(i)–(ii).

28.    All other parts of SORP distinguish between facially nonsexual crimes committed with sexual intent or conduct, and those committed without sexual intent or conduct, to determine when sex offender registration is necessary.

---

[2] A person commits the crime of kidnapping "if he intentionally or knowingly abducts another person." TEX. PENAL CODE § 20.0.03. Intent to sexually violate or abuse the victim of the kidnapping is not an element of this crime. *See id*. A person commits the crime of aggravated kidnapping "if he intentionally or knowingly abducts another person" with the intent to hold ransom, use as a hostage, facilitate the commission of or flight from the commission of a felony, physically injure, violate or abuse sexually, terrorize a person, or interfere with the performance of any governmental function. TEX. PENAL CODE § 20.04(a)(1)–(6). Intent to sexually violate or abuse the victim of the aggravated kidnapping is not a mandatory element of aggravated kidnapping. *See id.*

29.     The facially nonsexual crime of burglary, for example, requires an additional element of intent to commit a sexual crime in order to trigger sex-offender registration. *See* TEX. CODE CRIM. PROC. art. 62.001(5)(D).

30.     The same is true of aggravated kidnapping for victims over the age of 17. An individual convicted of aggravated kidnapping of an individual above the age of 17 must have committed the kidnapping "with the intent to violate or abuse the victim sexually" to be subjected to SORP's registration requirements. *See* TEX. CODE OF CRIM. PROC. art. 62.001(6)(C).

31.     In addition, SORP does not require sex-offender registration for various non-sexual offenses involving minors.

32.     The crime of "abandoning or endangering a child," for example, does not trigger a registration requirement. *See* TEX. PENAL CODE § 22.041; TEX. CODE CRIM. PROC. art. 62.001(5).

33.     Additionally, the crimes of assault, aggravated assault, and deadly conduct do not require sex offender registration, even when they are committed against a minor. *See* TEX. PENAL CODE §§ 22.01, 22.02, 22.05; TEX. CODE CRIM. PROC. art. 62.001(5).

34.     Texas's sex-offense registry scheme undermines its own purpose.

35.     The stated purpose of the Texas sex-offender registry is to "protect the public from sex offenders."[3]

36.     The registry attempts to accomplish this purpose by notifying the public of people who have committed offenses that are sexual in nature.

---

[3] *Texas Sex Offender Registration Program*, TEX. DEP'T OF PUB. SAFETY, https://www.dps.texas.gov/section/crime-records-service/texas-sex-offender-registration-program (last visited June 7, 2022).

37.     Most crimes lacking a sexual element, including crimes against minors, do not require sex-offender registration in Texas because requiring such registration would interfere with Texas's purpose for its sex-offender registry.

**B. Texas Regulates Registered Sex Offenders through a Punitive Scheme**

38.     SORP works in tandem with municipal ordinances across Texas to regulate and restrict individuals labeled as sex offenders.

39.     SORP details onerous registration requirements for individuals who must register as sex offenders. Failure to register exposes people labeled as sex offenders to harsh criminal consequences.

40.     An individual labeled as a sex offender under SORP is required to register with the local law enforcement agency of any municipality or county where they spend seven days or more. *See* TEX. CODE CRIM. PROC. art. 62.051. Individuals who are required to register but fail to comply within seven days of their arrival to a new location in Texas are subject to a felony prosecution. *See* TEX. CODE CRIM. PROC. art. 62.102.

41.     When registering with a local law enforcement agency, Texas sex offenders must submit a recent photo of themselves, which is displayed on the state sex-offender registry website, accessible by all members of the public. *See* TEX. CODE CRIM. PROC. art. 62.051(c)(2).

42.     Registrants must share personal information with local law enforcement, including their Social Security number, shoe size, driver's license, online identifiers used on social media platforms, and any occupational, professional, or business licenses they hold. *See* TEX. CODE CRIM. PROC. art. 62.051(c).

43. Registrants must also comply with a request for a DNA specimen at the discretion of the law enforcement agency serving as the persons primary registration authority. *See* TEX. CODE CRIM. PROC. art. 62.061.

44. Absent a finding of reasonable suspicion or probable cause, a law enforcement officer can take a DNA specimen at any time.

45. People on the registry must also register with the campus security of any college, university, or technical institute they attend. *See* TEX. CODE CRIM. PROC. arts. 62.001(8), 62.053(g)(3). Under Texas law, these educational institutions can publicly disseminate sex-offender registry information about their students to the campus community. *See* TEX. CODE CRIM. PROC. art. 62.009(d).

46. The Texas Department of Public Safety maintains a publicly searchable database of individuals registered as sex offenders that features biographic data and photos. *See* Tex. Code Crim. Proc. art. 62.005.[4]

47. In addition to rigorous registration requirements and incursions on privacy, SORP subjects registrants to restrictions on their physical movements.

48. One Texas law, passed in 2017 and signed by Defendant Abbott, allows municipalities to restrict registered sex offenders from going within a specified distance of "premises where children commonly gather," such as parks, swimming pools, arcades, and other recreational facilities. *See* TEX. LOC. GOV'T CODE § 341.906.

---

[4] *See Public Sex Offender Registry Search*, TEX. DEP'T OF PUB. SAFETY, https://publicsite.dps.texas.gov/SexOffenderRegistry/Search [https://perma.cc/8J2P-J3CW] (last visited May 11, 2022).

49.     Rockport—the municipality where Mr. Weatherly will live upon his release from prison—passed various municipal ordinances in 2017 that restrict the residence and movement of sex offenders registered under SORP.

50.     Various Rockport municipal ordinances prevent registered sex offenders from residing for four days or more per month within one thousand feet of a multitude of locations including preschools, secondary schools, public libraries, arcades, amusement centers, parks, swimming pools, child-care facilities, youth athletic fields, skate parks, movie theaters, bowling alleys, and day-care centers. *See* ROCKPORT, TEX., CODE OF ORDINANCES ch. 66, art. IV, §§ 70, 71(a) (2017).

51.     Other Rockport municipal ordinances prohibit sex offenders from living within one thousand feet of another registered sex offender; or from entering a city park; or loitering within three hundred feet of a city park. *See* ROCKPORT, TEX., CODE OF ORDINANCES ch. 66, art. IV, §§ 71(b), 73(a)–(b).

52.     These state codes and local ordinances, enabled by SORP, subject Mr. Weatherly to invasive requirements and restrict Mr. Weatherly's movement, despite him never being convicted of a crime containing a sexual element.

53.     The stated purpose of SORP is to protect the public from sex offenders.[5] To advance this purpose, the sex-offender registry provides the public with information regarding individuals who potentially pose a threat to the community on the basis of their past sexual offenses.

---

[5] *Texas Sex Offender Registration Program*, TEX. DEP'T OF PUB. SAFETY, https://www.dps.texas.gov/section/crime-records-service/texas-sex-offender-registration-program (last visited June 7, 2022).

54.     Because SORP is meant to increase public awareness about individuals who have committed sexual offenses, the inclusion of individuals who have committed *no* sexual offense— like Mr. Weatherly—necessarily undermines the purpose of SORP and dilutes the effectiveness of the registry.

**C. Mr. Weatherly's Underlying Criminal Conviction**

55.     Mr. Weatherly is one of the individuals in Texas who has been convicted of a non-sexual crime but is required by Texas law to register as a sex offender.

56.     Mr. Weatherly's registration requirement attaches to his October 2015 conviction for unlawful restraint.

57.     Before his conviction, Mr. Weatherly struggled with amphetamine dependence.

58.     On the day of his arrest, August 5, 2014, Mr. Weatherly was staying in a motel in Fort Worth, Texas. That evening, two fellow motel residents called Mr. Weatherly into their room, and then demanded money from him and threatened him with a weapon.

59.     Panicked, Mr. Weatherly ran out of the motel and entered into the first car he saw. He asked the driver of the car to take him to his aunt's house, because he was scared of being harmed by the residents. The driver exited the car and, using a set of keys that were left in the ignition, Mr. Weatherly drove away from the motel and the individuals that he perceived were threatening him.

60.     Unbeknownst to Mr. Weatherly at the time that he drove away from the motel, he was not alone in the car. His neighbor's 4-year-old daughter was in the back seat. The child was familiar with Mr. Weatherly and called him by his middle name, Michael.

61.     After Mr. Weatherly had started driving the car away, she asked, "Where are we going, Uncle Mike?"

12

62.     Upon realizing that his neighbor's daughter was in the car, Mr. Weatherly told her to put her seatbelt on and drove to the safest place he could think of—his aunt's house. His aunt confirmed both were safe.

63.     Mr. Weatherly returned that same evening to the motel with his aunt and his neighbor's daughter. His neighbor's daughter had not been hurt.

64.     Mr. Weatherly was arrested at the motel and later indicted in Tarrant County, Texas for kidnapping.

65.     On October 29, 2015, in the 371st District Court for Tarrant County, Texas (the "trial court"), Mr. Weatherly entered an open plea of guilty to unlawful restraint of a child under the age of 17 without a sentencing recommendation by the state.

66.     This open plea ended the state's prosecution of Mr. Weatherly for the alleged actions he took on August 5, 2014. Mr. Weatherly did not waive appellate rights, as the trial court certified that the case was "not a plea-bargain case, and the defendant has the right of appeal."

67.     On January 15, 2016, the trial court entered a judgment of conviction against Mr. Weatherly. The judgment expressly stated, "Sex Offender Registration Requirements do not apply to the Defendant," and "[t]he age of the victim at the time of the offense was **N/A**."

68.     After he entered his open plea of guilty, the trial court judge sentenced Mr. Weatherly to fifteen years' confinement in state prison.

69.     On December 8, 2016, the Court of Appeals for the Second District of Texas affirmed the trial court's judgment, and on February 2, 2017, the Court of Appeals declared its judgment in the case "final."

13

70.     When he pleaded guilty, Mr. Weatherly understood that, regardless of the sentence imposed by the court, he would not be required to register as a sex offender. He had not been charged with a crime that was sexual in nature, and the trial court judgment expressly stated that Texas's sex-offender registration requirements did not apply to him.

71.     Mr. Weatherly was stunned, then, to later learn that his conviction would indeed require him to register as a sex offender. His sex-offender registry requirement was added, without his consent, after the trial court assured him in the text of his judgment that he would not be subjected to registration.

72.     On October 18, 2019, nearly four years after the judgment of conviction was entered, the trial court entered a nunc pro tunc order, substantively amending the January 15, 2016 judgment to state that sex-offender registration requirements did apply to Mr. Weatherly and finding that the age of the victim at the time of the offense was less than 17 years old.

73.     The nunc pro tunc judgment made no new factual findings of sexual intent or conduct, made no findings that Mr. Weatherly had committed a sexual offense, and omitted any reference to a sexual component of any offense whatsoever.

74.     Instead, the nunc pro tunc judgment simply increased the punishment for Mr. Weatherly's nearly four-year-old conviction.[6]

**D.  Post-Release Sex Offender Registration Subjects Mr. Weatherly To a Punitive Scheme**

---

[6] Mr. Weatherly filed a timely appeal to challenge the constitutionality of the late-stage, retroactive registration requirement; the Court of Appeals for the Second District of Texas declined to consider the merits of the case. Instead, the Court affirmed—over dissent—on the technical grounds that it did not have jurisdiction to review a nunc pro tunc order.

75.     Before he was incarcerated, Mr. Weatherly saw his family every day. Large family gatherings were common, especially on holidays. His aunts taught Sunday school, and Mr. Weatherly painted murals at the local church.

76.     Upon his release, Mr. Weatherly plans to establish residence near his brother Brice's home in Rockport, Texas. Brice will be a vital source of mental and emotional support for Mr. Weatherly as he begins his life anew upon release from prison and works to maintain his sobriety.

77.     Brice currently resides in Rockport, Texas. Rockport is a small, close-knit coastal community of many retirees and winter vacationers who are invested in community safety. They are keenly aware—and take notice—of individuals who enter their community.

78.     Brice and his wife Robin will be a stabilizing and positive influence in Mr. Weatherly's life because they maintain steady employment, run a small business, and they are committed to Mr. Weatherly's sobriety and long-term success.

79.     Upon his release, Mr. Weatherly plans to finish his bachelor's degree and start his own business, just like his brother. He is almost eight years sober. He has steadfastly maintained his sobriety and, while incarcerated, has turned turns to books as a source of joy and meaning.

80.     But Mr. Weatherly faces a significant hurdle to realizing his goals: despite having never been accused of any act of sexual misconduct, Mr. Weatherly will have to register as a sex offender when he is released from prison—a designation that will place severe restrictions on his liberty and his ability to interact with other people, particularly children, even if they are his nieces and nephews.

81.     Mr. Weatherly will be forced to register as a sex offender and to live with the onerous restrictions of the sex-offender registry for ten years.

15

82.    The practical consequences of sex offender registration include regulation of Mr. Weatherly's movement, incursions on Mr. Weatherly's privacy, severe and defamatory reputational harms, restrictions to his housing opportunities, burdens to his educational goals, and limitations to his recreational activities.

83.    Because Mr. Weatherly has already been deemed to be subject to Texas sex offender registration requirements upon his release from prison, and because SORP automatically requires registration for convictions under Article 62.001(5)(E) of the Texas Code of Criminal Procedure ("Article 62.001(5)(E)"), the enforcement of SORP against him is imminent and impending, rather than conjectural or hypothetical.

84.    Mr. Weatherly will be subject to additional restrictions imposed by municipal codes depending on where he lives or visits in Texas.

85.    SORP will burden Mr. Weatherly's freedom of movement in his municipality, within his state, and between states.

86.    After his release from prison, Mr. Weatherly will be required to register with the local law enforcement agency of any municipality or county where he spends seven days or more. *See* TEX. CODE CRIM. PROC. art. 62.051. Registration requires Mr. Weatherly to seek out the relevant law enforcement agency in each location to which he travels to visit family or friends for a mere week and inform the agency of his status as a sex offender.

87.    If Mr. Weatherly does not register within seven days of his arrival to a new location in Texas, he is subject to a felony prosecution. *See* TEX. CODE CRIM. PROC. art. 62.102.

88.    Mr. Weatherly has family in the Fort Worth and Houston areas with whom he plans to maintain close ties upon his release from prison. He plans to visit his family members across Texas and will likely visit for over seven days during holiday seasons.

16

89.     Therefore, Mr. Weatherly will be required to re-register as a sex offender in his family's hometown every time he visits for the holidays, or else risk felony prosecution.

90.     SORP intrudes on Mr. Weatherly's privacy. When registering with the relevant local law enforcement agency, Mr. Weatherly will have to share personal information including his Social Security number, shoe size, driver's license, online identifiers used on social media platforms, and any occupational, professional, or business licenses he has. *See* TEX. CODE CRIM. PROC. art. 62.051(c).

91.     Registrants must also comply with a request for a DNA specimen at the discretion of the law enforcement agency serving as the persons primary registration authority. *See* TEX. CODE CRIM. PROC. art. 62.061.

92.     Absent a finding of reasonable suspicion or probable cause, a law enforcement officer can take a DNA specimen at any time from Mr. Weatherly.

93.     The publicly available Texas Sex Offender Registry will feature a photo of Mr. Weatherly. *See* TEX. CODE CRIM. PROC. art. 62.005, 62.051(c)(2).

94.     The Texas Sex Offender Registry is publicly available on the Internet and searchable by name, address, or institution of higher education. Neighbors and community members will be able to access Mr. Weatherly's Texas sex offender profile, which will display his name, photo, and other biographical data.

95.     SORP also restricts Mr. Weatherly's housing options. Rockport's sex-offender residency restrictions severely limit Mr. Weatherly's ability to establish a stable residence near the irreplaceable support of his brother, Brice.

96.     When Mr. Weatherly moves to Rockport as a registered sex offender, he will be prohibited from residing for more than four days per month within one thousand feet of a

17

multitude of locations including preschools, secondary schools, public libraries, arcades, amusement centers, parks, swimming pools, child-care facilities, youth athletic fields, skate parks, movie theaters, bowling alleys, and day-care centers. *See* ROCKPORT, TEX., CODE OF ORDINANCES ch. 66, art. IV, §§ 70, 71(a) (2017).

97.    Mr. Weatherly is prohibited by Rockport municipal ordinances from living within one thousand feet of another registered sex offender. *See* ROCKPORT, TEX., CODE OF ORDINANCES ch. 66, art. IV, § 71(b).

98.    As a result of municipal restrictions prohibiting Mr. Weatherly from living near registered sex offenders and numerous public accommodations, including any place where children may "commonly gather," it will be extremely difficult—if not impossible—for him to live within most cities and towns.

99.    SORP interferes with Mr. Weatherly's educational and career potential.

100.   While incarcerated, Mr. Weatherly has earned an associate's degree in computer-aided drafting and design technology, and continuing his education is an important part of the future Mr. Weatherly envisions for himself.

101.   Mr. Weatherly is required to register as a sex offender with the campus security of any college, university, or technical institute that he attends in the future. *See* TEX. CODE CRIM. PROC. arts. 62.001(8), 62.053(g)(3). Under Texas law, these educational institutions can publicly disseminate Mr. Weatherly's sex-offender registry information to the campus community. *See* TEX. CODE CRIM. PROC. arts. 62.009(d).

102.   SORP impinges upon Mr. Weatherly's recreational use of public spaces.

103.   As a registered sex offender, Mr. Weatherly will be limited in his ability to enjoy the public parks maintained for the benefit of the people of Rockport. He will be limited in his

18

ability to participate in community life in his future home by associating with fellow community-members in public spaces. *See* ROCKPORT, TEX., CODE OF ORDINANCES ch. 66, art. IV, § 73.

104.    Mr. Weatherly will be prohibited from entering a city park or loitering within three hundred feet of a city park. *See id.*

105.    Even if Mr. Weatherly were to not live in Rockport at some time in the future, he would face similarly punitive restrictions in other locations in Texas.

106.    For instance, Mr. Weatherly has several family members who live in Weatherford, Texas. If Mr. Weatherly were ever to relocate to Weatherford to be near his family, he would be subject to residency restrictions due to his sex offender status. *See* WEATHERFORD, TEX., CODE OF ORDINANCES, title IV, ch. 15.

107.    The enforcement of SORP against Mr. Weatherly will constitute a concrete and particularized invasion of Mr. Weatherly's legally protected interests under the United States Constitution and the Texas Constitution.

108.    Because Defendants enforce and are responsible for enforcing SORP and related ordinances, the injuries Mr. Weatherly will suffer from SORP are fairly traceable to Defendants' unlawful conduct.

109.    The relief Mr. Weatherly seeks from this Court will redress the injuries that Mr. Weatherly will suffer under SORP.

## V.    CLAIMS FOR RELIEF

### Count I: Violation of Substantive Due Process
U.S. Const. Amend. XIV, § 1; 42 U.S.C. § 1983
*Against All Defendants*

110.    Mr. Weatherly incorporates by reference each and every allegation contained in paragraphs 1–109 as if fully set forth herein.

19

111.    Mr. Weatherly is a citizen of the United States and all Defendants to this claim are persons for the purposes of 42 U.S.C. § 1983.

112.    Mr. Weatherly has a clearly established right under the Fourteenth Amendment to the United States Constitution to be free from deprivations of his liberty without due process of law.

113.    In overseeing, administering, executing, and enforcing the laws of the state of Texas and its municipal corporations, Defendants act under color of state law.

114.    Mr. Weatherly has a fundamental and deeply rooted liberty interest in not being forced to register as a sex offender for a crime that was not sexual in nature and that contained no sexual element.

115.    This liberty interest is encompassed by Mr. Weatherly's broader fundamental and historically rooted liberty interest in being free from being falsely defamed by one's government in a way that is stigmatizing and is calculated to limit one's ability to participate in civil society.

116.    Mr. Weatherly has a fundamental and deeply rooted liberty interest in being free from government intrusions into his privacy and sex-offender registration requirements that, if not followed, will cause him to suffer criminal punishment.

117.    Mr. Weatherly has a fundamental and deeply rooted liberty interest in being free to visit and live in certain places and associate with other members of civil society.

118.    Registering as a sex offender will cause Mr. Weatherly's classification to be published online, thus defaming his character and reputation with false statements regarding the nature of the crime he allegedly committed, and such false defamation will restrict Mr. Weatherly's liberty in that it will cause him to be ostracized from society and to lose many business, social, and educational opportunities.

20

119.    Mr. Weatherly's status as a sex offender will additionally restrict his liberty and ability to freely travel because he will be prohibited, under penalty of law, from visiting and living in certain places in Texas and from associating with people in or near parks, schools, and public accommodations and places of amusement, such as movie theaters.

120.    Mr. Weatherly's status as a sex offender will additionally restrict his liberty in that his privacy will be violated when he is forced to broadcast false and defamatory information about himself to the public by registering as a sex offender, resulting in such information's availability on Texas's public registry.

121.    Article 62.001(5)(E), the Article of SORP that attaches sex-offense registration requirements to convictions for unlawful restraint, thus infringes upon Mr. Weatherly's fundamental liberty interests.

122.    The state interest furthered by enforcing Article 62.001(5)(E) against Mr. Weatherly and those similarly situated is not sufficiently compelling, important, substantial, or legitimate to overcome Mr. Weatherly's substantive due process right to be free from state impositions on his liberty interests.

123.    Because it applies to people who have not committed crimes that are sexual in nature or crimes that contain a sexual element, Article 62.001(5)(E) is overinclusive and thus not sufficiently tailored or related to furthering the state's interest, such as protecting the public or aiding law enforcement in preventing and punishing sex offenses.

124.    Article 62.001(5)(E) is irrational because it undermines Texas's interests— protecting the public from sex offenders and in aiding law enforcement in preventing and punishing sex offenses—by requiring Mr. Weatherly to register as a sex offender despite Texas

state courts' recognition that he has never been convicted of, or even accused of, improper sexual behavior, thus making the registry *less* reliable and accurate in identifying sex offenders.

125.    Defendants' enforcement of Article 62.001(5)(E), which is irrational, counterproductive, and oppressive, is the proximate cause of Mr. Weatherly's deprivation of his liberty interests and due process rights.

### Count II: Violation of Procedural Due Process
U.S. Const. Amend. XIV, § 1; 42 U.S.C. § 1983
*Against All Defendants*

126.    Mr. Weatherly incorporates by reference each and every allegation contained in paragraphs 1–109 as if fully set forth herein.

127.    Mr. Weatherly is a citizen of the United States and all Defendants to this claim are persons for the purposes of 42 U.S.C. § 1983.

128.    Mr. Weatherly has a clearly established right under the Fourteenth Amendment to the United States Constitution to be free from deprivations of his liberty without due process of law.

129.    The requirements and punishments imposed upon Mr. Weatherly by Defendants through the SORP scheme will deprive his liberty interests without due process of law.

130.    Through Article 62.001(5)(E), Defendants will force Mr. Weatherly to hand over his personal information for publication on the sex-offender registry.

131.    Article 62.001(5)(E) will mislead members of Mr. Weatherly's community into believing that he committed a sexual offense. When he is forced to abide by the registration requirements, or face a felony charge, Mr. Weatherly will falsely proclaim himself to be a sex offender to the public.

132.    Defendants will confer a burdensome stigma on Mr. Weatherly by requiring him to falsely assert that he is a sex offender.

133.    Article 62.001(5)(E) will unduly stigmatize Mr. Weatherly's character in the eyes of his family, friends, and the public by requiring him to falsely assert that he is a sex offender, thus imposing adverse social consequences.

134.    The defamatory and stigmatizing nature of Mr. Weatherly falsely asserting his sex-offender status will negatively impact his employment prospects.

135.    Sex-offender registration requirements that flow from Article 62.001(5)(E) directly burden Mr. Weatherly with regular verification of his residence under threat of felony charges.

136.    Through Article 62.001(5)(E), Defendants will prevent Mr. Weatherly from residing within certain distances of ubiquitous facilities such as schools and parks, depriving him of his freedom of movement and his freedom to engage in the real estate contracts of his choosing.

137.    Through Article 62.001(5)(E), Mr. Weatherly will be deprived of the ability to freely enjoy public parks wherever he resides in Texas.

138.    Through Article 62.001(5)(E), Mr. Weatherly will be prohibited from residing within a certain distance of any registered sex offenders wherever he resides in Texas, further depriving him of his freedom to enter into real estate contracts.

139.    Article 62.001(5)(E) deprives Mr. Weatherly of his freedom to travel from his home for a week or to move residences without the risk of felony charges.

140.    Mr. Weatherly's due process rights were violated when the state of Texas ordered him to register as a sex offender upon his release from prison.

23

141.     Mr. Weatherly's due process rights were violated when he was threatened with automatic sex offense registration on the basis of a criminal charge that has no sexual component.

142.     Defendants will continue to violate Mr. Weatherly's procedural due process rights by forcing him to be subject to Article 62.001(5)(E) without additional opportunity to be heard.

143.     Mr. Weatherly has had insufficient opportunity to be heard by the state of Texas on the issue of his crime lacking any sexual component.

144.     The nonsexual nature of Mr. Weatherly's criminal offense is highly relevant to the inquiry of whether to place him on the state sex-offender registry.

145.     Mr. Weatherly must be afforded notice and an opportunity to be heard on the issue of the nonsexual nature of his crime because sexual misconduct is material to the statutory scheme of sex-offender registration under SORP.

146.     Before Defendants subject Mr. Weatherly to registration requirements devised specifically for sex offenders, adequate procedure is required to determine if Mr. Weatherly is indeed a sex offender and to determine the appropriateness of placing a person with a nonsexual conviction on a sex-offender registry.

147.     Mr. Weatherly has liberty and property interests that are infringed by the SORP scheme's provisions.

148.     Mr. Weatherly has a private interest in avoiding SORP's onerous registration and verification requirements.

149.     Mr. Weatherly has a private interest in protecting his name and photo from being disseminated on a public sex-offender registry website.

150.    Mr. Weatherly has a private interest in the freedom to travel somewhere for a week or more without having to seek out the appropriate law enforcement agency for sex-offender registration and in traveling free from the risk of felony charges for the mere fact of his unregistered presence.

151.    Mr. Weatherly has a private interest in avoiding the limitations imposed by SORP on his choice of residence and use of public recreational facilities.

152.    Mr. Weatherly has a private interest in avoiding the intense social stigma associated with being falsely labeled a sex offender.

153.    The state of Texas is certain to erroneously deprive Mr. Weatherly of his liberty, property, travel, and privacy interests. The deprivation of these private interests is erroneous because Mr. Weatherly did not commit a sexual offense yet is subject to SORP.

154.    Article 62.001(5)(E) virtually guarantees erroneous deprivations of private interests by subjecting individuals who have not committed a sexual offense to sex offender registration requirements and deprivations of liberty.

155.    There is not only a high risk but a certainty of erroneous deprivation of Mr. Weatherly's interests without adequate procedural safeguards to determine whether Mr. Weatherly's criminal conduct, which was not sexual in nature, should carry a sex-offender registration requirement.

156.    The costs to the state of Texas in affording additional procedure to vindicate Mr. Weatherly's due process rights are minimal in comparison to the great private interests at stake for Mr. Weatherly in being erroneously labeled a sex offender and living with the consequences of the sex offender registry for a decade.

157.     It is not in the interest of the state of Texas to keep an overbroad and misleading state sex-offender registry that includes persons like Mr. Weatherly, who have not been convicted of sex crimes. There is great constitutional value in affording Mr. Weatherly additional procedure regarding the nonsexual nature of his crime, and such additional procedure will advance the fair administration of justice in the state of Texas.

158.     Defendants' conduct—the enforcement of a scheme that lacks adequate procedural safeguards to protect individuals who have committed no sexual offense from being forced to register as sex offenders—is the proximate cause of the deprivation of Mr. Weatherly's due process rights.

## Count III: Violation of Equal Protection
U.S. Const. Amend. XIV, § 1; 42 U.S.C. § 1983
*Against All Defendants*

159.     Mr. Weatherly incorporates by reference each and every allegation contained in paragraphs 1–109 as if fully set forth herein.

160.     Mr. Weatherly is a citizen of the United States and all Defendants to this claim are persons for the purposes of 42 U.S.C. § 1983.

161.     Mr. Weatherly has a clearly established right under the Fourteenth Amendment to the United States Constitution to equal protection under the law.

162.     The requirements and punishments imposed upon Mr. Weatherly by Defendants through Article 62.001(5)(E) will violate his right to equal protection under the law because Mr. Weatherly's alleged crime entirely lacked a sexual component, yet he will be forced to register as a sex offender under Article 62.001(5)(E) while other crimes that involve minors and are nonsexual in nature do not require sex-offender registration under SORP.

26

163.    Mr. Weatherly is similarly situated to other individuals who have been convicted of crimes that involve minors but lack any sexual component.

164.    Mr. Weatherly is similarly situated to other individuals who have been convicted of crimes that lack sexual components generally.

165.    Mr. Weatherly is similarly situated to other individuals who have been convicted of unlawful restraint without any sexual component against people 17 years of age or older.

166.    Although Mr. Weatherly's alleged actions similarly lacked any sexual component, he is treated differently by being forced to register as a sex offender while similarly situated people do not face such punitive consequences.

167.    Mr. Weatherly will have to register as a sex offender, inform law enforcement of his sex offender status, and face the punishments and restrictions associated with being a sex offender, unlike those who are similarly situated to him.

168.    Defendants have no legitimate or compelling governmental interest in forcing Mr. Weatherly, or other people who have allegedly committed nonsexual crimes, to register as sex offenders.

169.    Treating Mr. Weatherly differently from others who have been convicted of crimes lacking any sexual component is irrational and counterproductive because it misinforms the public.

170.    Treating Mr. Weatherly differently from others who have been convicted of crimes lacking any sexual component is irrational because it does not serve the state's interests, including protecting the public from sex offenders and in maintaining an accurate sex-offender registry.

171.     By forcing Mr. Weatherly to register as a sex offender, Defendants mislead the public regarding who has and has not committed sexual crimes in the state of Texas.

172.     Defendants will promote misleading information when they publish Mr. Weatherly's status as a sex offender.

173.     Promotion of this misleading information is not rationally related to any legitimate governmental interest.

174.     Promotion of this misleading information is not substantially related to any important governmental interest.

175.     Promotion of this misleading information is not narrowly tailored to achieve any compelling governmental interest.

176.     Defendants' enforcement of a discriminatory, irrational, and counterproductive sex offender registration scheme is the proximate cause of Mr. Weatherly's deprivation of equal protection.

**Count IV: Violation of the First Amendment through Compelled Speech**
U.S. Const. Amend. 1; 42 U.S.C. § 1983
*Against All Defendants*

177.     Mr. Weatherly incorporates by reference each and every allegation contained in paragraphs 1–109 as if fully set forth herein.

178.     Mr. Weatherly is a citizen of the United States and all Defendants to this claim are persons for the purposes of 42 U.S.C. § 1983.

179.     Mr. Weatherly has a clearly established right under the First Amendment to the United States Constitution, applied by the Fourteenth Amendment to the states, to be free from speaking against his will.

180.    The requirements of SORP will force Mr. Weatherly to speak against his will by registering as, and thus proclaiming himself, a sex offender.

181.    Texas, via registration documents and Texas's online sex-offender registry, will force Mr. Weatherly to address such speech to the public at large every time he moves to a location in Texas and stays there for more than seven days. If Mr. Weatherly refuses to engage in such speech, he will commit a felony. TEX. CODE CRIM. PROC. art. 62.102.

182.    Because Mr. Weatherly has never been accused, let alone convicted, of a crime with a sexual element or of engaging in any prohibited sexual act, the Defendants will, by enforcing Article 62.001(5)(E), compel Mr. Weatherly to engage in speech that is literally false and misleading.

183.    The state interest furthered by enforcing Article 62.001(5)(E) against Mr. Weatherly and those similarly situated is not sufficiently compelling, important, substantial, or legitimate to overcome Mr. Weatherly's First Amendment right to be free from engaging in false speech against his will.

184.    Because it applies to people who have not committed crimes that are sexual in nature or that contain a sexual element, Article 62.001(5)(E) is over-inclusive and thus not sufficiently tailored or related to furthering the state's interest in protecting the public from sex offenders or aiding law enforcement in preventing and punishing sex offenses.

185.    Because Article 62.001(5)(E) requires all people convicted of certain crimes without a sexual element to register as sex offenders, Article 62.001(5)(E) violates the First Amendment as applied to all such people for the same reasons it does when applied to Mr. Weatherly. Therefore, a substantial number of Article 62.001(5)(E)'s applications are unconstitutional, and Article 62.001(5)(E) is thus unconstitutionally overbroad.

186.    Defendants' enforcement of a counterproductive and overbroad sex-offender registration scheme is the proximate cause of the violation of Mr. Weatherly's First Amendment rights.

## Count V: Violation of the Prohibition against Cruel and Unusual Punishment under the Eighth Amendment
U.S. Const. Amend. VIII; 42 U.S.C. § 1983
*Against All Defendants*

187.    Mr. Weatherly incorporates by reference each and every allegation contained in paragraphs 1–109 as if fully set forth herein.

188.    Mr. Weatherly is a citizen of the United States and all Defendants to this claim are persons for the purposes of 42 U.S.C. § 1983.

189.    Mr. Weatherly has a clearly established right under the Eighth Amendment to the United States Constitution, applied by the Fourteenth Amendment to the states, to be free from cruel and unusual punishment.

190.    It is a form of punishment for the state of Texas to require Mr. Weatherly, an individual who has never committed a sex offense or any crime of a sexual nature, to register as a sex offender.

191.    Public shaming—such as that inherent in SORP—is a traditional and historic form of punishment that promotes traditional aims of punishment.

192.    The public shaming of Mr. Weatherly produced by publishing his photo, name, and other biographic details on a publicly available website is excessive punishment with respect to the purpose of the sex-offender registry.

30

193.     The public notification requirements of the state sex-offender registry exist to inform community members when individuals who have been convicted of sexually violent or predatory acts move to their community.

194.     Mr. Weatherly has not committed a sexually violent or predatory act, and publicly notifying his community of his presence via the misleading label of sex offender is excessive punishment for his nonsexual conviction.

195.     Requiring Mr. Weatherly to register as a sex offender has no rational connection to a non-punitive purpose.

196.     There is no societal benefit to placing Mr. Weatherly on the state sex-offender registry when he was never charged with, or convicted of, a sexual offense. Requiring Mr. Weatherly to register as a sex offender is thus shocking and irrational.

197.     To the extent the sex-offender registry seeks to notify members of the public about offenders who pose a risk of sexual abuse in their area, the inclusion of Mr. Weatherly on the registry undermines this purpose because he never committed a crime that is sexual in nature.

198.     The public safety of the residents of Texas is not furthered by mislabeling Mr. Weatherly a sex offender and diluting any utility of the state sex-offender registry in accurately informing the public about persons with criminal convictions of a sexual nature.

199.     The residency and movement restrictions under SORP and related municipal ordinances and regulations are excessive punishments with respect to the original purpose of the state sex-offender registry.

200.     The state sex-offender registry is meant to serve as a law enforcement information-gathering and public notification tool. It is excessive punishment to use this tool to limit the residence and movement of Mr. Weatherly.

201.    Placing Mr. Weatherly on the public state sex-offender registry for ten years, in addition to the prison time he must serve for his conviction, is grossly disproportionate to the offense of unlawful restraint of a minor where the minor experienced no sexual contact or abuse and the person allegedly committing the crime lacked intent to commit a sexual act.

202.    It is grossly disproportionate to Mr. Weatherly's criminal offense of unlawful restraint of a minor, where the minor experienced no sexual contact or abuse and the person allegedly committing the crime lacked intent to commit a sexual act, to subject him to residency and movement restrictions, including those that prevent him from living near or visiting public parks in Texas.

203.    Defendants will not achieve the goals of deterrence, incapacitation, or rehabilitation by placing Mr. Weatherly on the sex-offender registry because he did not commit a sexual offense.

204.    Defendants will not achieve the goals of deterrence, incapacitation, or rehabilitation by preventing Mr. Weatherly from living near or visiting public parks in Texas because such residence and movement restrictions are completely arbitrary in relation to his criminal offense, which did not take place at or near a public park.

205.    It is cruel and unusual for Defendants to subject Mr. Weatherly to registration requirements for ten years and face the lifelong stigma associated with registration as punishment for a crime containing no sexual element.

206.    Mr. Weatherly's Eighth Amendment rights were violated when he was ordered to register as a sex offender upon his release from prison.

207.    Defendants will continue to violate Mr. Weatherly's Eighth Amendment rights by arbitrarily and unjustly subjecting him to the sex-offender registry.

208.     Defendants' enforcement of a punitive sex-offender registration scheme is the proximate cause of the violation of Mr. Weatherly's Eighth Amendment rights.

### Count VI: Violation of Substantive Due Process under Texas Constitution
Tex. Const. art. 1, § 19; 28 U.S.C. § 1367
*Against All Defendants*

209.     Mr. Weatherly incorporates by reference each and every allegation contained in paragraphs 1–109 as if fully set forth herein.

210.     Mr. Weatherly is a citizen of Texas and all Defendants to this claim are subject to the Texas Constitution.

211.     Mr. Weatherly has a clearly established right under Article 1, § 19 of the Texas Constitution to be free from deprivations of his liberty without due course of law.

212.     Mr. Weatherly has a fundamental and deeply rooted liberty interest in not being forced to register as a sex offender for a crime that was not sexual in nature and that contained no sexual element.

213.     This liberty interest is encompassed by Mr. Weatherly's broader fundamental and historically rooted liberty interest in being free from being falsely defamed by one's government in a way that is stigmatizing and is calculated to limit one's ability to participate in civil society.

214.     Mr. Weatherly has a fundamental and deeply rooted liberty interest in being free from sex-offender registration requirements that, if not followed, will cause him to suffer criminal punishment.

215.     Mr. Weatherly has a fundamental and deeply rooted liberty interest in being free to visit and live in certain places intrastate and associate with other members of civil society.

216.     Registering as a sex offender will cause Mr. Weatherly's classification to be published online, thus defaming his character and reputation with false statements regarding the

33

nature of the crime he allegedly committed, and such defamation will restrict Mr. Weatherly's liberty in that it will cause him to be ostracized from society and to lose many business, social, and educational opportunities.

217.   Mr. Weatherly's status as a sex offender will additionally restrict his liberty in that he will be prohibited, under penalty of law, from visiting and living in certain places in Texas and from associating with people in or near parks, schools, and public accommodations and places of amusement such as movie theaters.

218.   Article 62.001(5)(E) thus infringes upon Mr. Weatherly's fundamental liberty interests.

219.   The state's interest furthered by enforcing Article 62.001(5)(E) against Mr. Weatherly and those similarly situated is not sufficiently compelling, important, substantial, or legitimate to overcome Mr. Weatherly's substantive due-course-of-law right to be free from impositions on his liberty interests.

220.   Because it applies to people who have not committed crimes that are sexual in nature or contain a sexual element, Article 62.001(5)(E) is overinclusive and thus not sufficiently tailored or related to furthering the state's interests in protecting the public or aiding law enforcement in preventing and punishing sex offenses.

221.   Article 62.001(5)(E) is irrational because it undermines Texas's interests— protecting the public from sex offenders and aiding law enforcement in preventing and punishing sex offenses—by requiring Mr. Weatherly to register as a sex offender despite Texas state courts' recognition that he has never been convicted of, or even accused of, improper sexual behavior, thus making the registry *less* reliable and accurate in identifying sex offenders.

## **Count VII: Violation of Procedural Due Course of Law under the Texas Constitution**
Tex. Const. art. 1, § 19; 28 U.S.C. § 1367
*Against Texas State Defendants*

222.    Mr. Weatherly incorporates by reference each and every allegation contained in paragraphs 1–109 as if fully set forth herein.

223.    Mr. Weatherly is a citizen of Texas and all Defendants to this claim are subject to the Texas Constitution.

224.    Mr. Weatherly has a clearly established right under Article 1, § 19 of the Texas Constitution to be free from deprivations of his liberty without due course of law.

225.    The requirements and punishments imposed upon Mr. Weatherly by Defendants through SORP will deprive his liberty interests without due course of law.

226.    Through SORP, Defendants will force Mr. Weatherly to hand over his personal information for publication on the sex-offender registry.

227.    Article 62.001(5)(E) will mislead members of Mr. Weatherly's community into believing that he committed a sexual offense, despite him committing no sexual offense. When he is forced to abide by the registration requirements, or face a felony charge, Mr. Weatherly will falsely proclaim himself to be a sex offender to the public.

228.    Defendants will confer a burdensome stigma on Mr. Weatherly by requiring him to falsely assert that he is a sex offender.

229.    Article 62.001(5)(E) will unduly stigmatize Mr. Weatherly's character in the eyes of his family, friends, and the public by requiring him to falsely assert that he is a sex offender, thus imposing adverse social consequences.

230.    The defamatory and stigmatizing nature of Mr. Weatherly falsely asserting his sex-offender status will negatively impact his employment prospects.

231.    Sex-offender registration requirements under the SORP scheme directly burden Mr. Weatherly with regular verification of his residence under threat of felony charges.

232.    Through Article 62.001(5)(E), Defendants will prevent Mr. Weatherly from residing within certain distances of ubiquitous facilities such as schools and parks, depriving him of his freedom of movement and his freedom to engage in the real estate contracts of his choosing.

233.    Through Article 62.001(5)(E), Mr. Weatherly will be deprived of the ability to freely enjoy public parks in his future home of Rockport, Texas.

234.    Through Article 62.001(5)(E), Mr. Weatherly will be prohibited from residing within a certain distance of any registered sex offenders in Texas, further depriving him of his freedom to enter into real estate contracts.

235.    Article 62.001(5)(E) deprives Mr. Weatherly of his freedom to travel from his home for a week or to move residences without the risk of felony charges.

236.    Mr. Weatherly's due-course-of-law rights were violated when the state of Texas ordered him to register as a sex offender upon his release from prison.

237.    Defendants will continue to violate Mr. Weatherly's procedural due-course-of-law rights by forcing him to be subject to Article 62.001(5)(E) without additional opportunity to be heard.

238.    Mr. Weatherly has had insufficient opportunity to be heard by the state of Texas on the issue of his crime lacking any sexual component.

239.    The nonsexual nature of Mr. Weatherly's criminal offense is highly relevant to the inquiry of whether to place him on the state sex-offender registry.

240.    Mr. Weatherly should be heard on the issue of the nonsexual nature of his crime because sexual misconduct is material to the statutory scheme of sex-offender registration under SORP.

241.    Before Defendants subject Mr. Weatherly to registration requirements devised specifically for sex offenders, he should be afforded additional procedure to determine the appropriateness of placing a person with a nonsexual conviction on a sex-offender registry.

242.    Mr. Weatherly has a private interest in avoiding the onerous registration and verification requirements of SORP.

243.    Mr. Weatherly has a private interest in protecting his name and photo from being disseminated on a public sex-offender registry website.

244.    Mr. Weatherly has a private interest in the freedom to travel somewhere for a week or more without having to seek out the appropriate law enforcement agency for sex-offender registration and in traveling free from the risk of felony charges for the mere fact of his unregistered presence.

245.    Mr. Weatherly has a private interest in avoiding the limitations imposed by the SORP scheme on his choice of residence and use of public recreational facilities.

246.    Mr. Weatherly has a private interest in avoiding the intense social stigma associated with being falsely labeled a sex offender.

247.     The state of Texas is certain to erroneously deprive Mr. Weatherly of privacy and liberty interests. The deprivation of these private interests is erroneous because Mr. Weatherly did not commit a sexual offense yet is subject to SORP.

248.     Article 62.001(5)(E) virtually guarantees erroneous deprivations of private interests by subjecting individuals who have not committed a sexual offense to registration requirements and deprivations of liberty.

249.     There is not only a high risk but a certainty of erroneous deprivation of Mr. Weatherly's private interests without adequate procedural safeguards to determine whether Mr. Weatherly's criminal conduct, which was not sexual in nature, should carry a sex-offender registration requirement.

250.     The costs to the state of Texas in affording additional procedure to vindicate Mr. Weatherly's due-course-of-law rights are minimal in comparison to the great private interests at stake for Mr. Weatherly in staying off the sex offender registry.

251.     It is not in the interest of the state of Texas to keep an overbroad and misleading state sex-offender registry that includes persons like Mr. Weatherly, who have not been convicted of sex crimes. There is great constitutional value in affording Mr. Weatherly additional procedure regarding the nonsexual nature of his crime, and such additional procedure will advance the fair administration of justice in the state of Texas.

### Count VIII: Violation of Equal Protection under the Texas Constitution
Tex. Const. art. 1, § 3a; 28 U.S.C. § 1367
*Against All Defendants*

252.     Mr. Weatherly incorporates by reference each and every allegation contained in paragraphs 1–109 as if fully set forth herein.

253.     Mr. Weatherly is a citizen of Texas and all Defendants to this claim are subject to the Texas Constitution.

254.     Mr. Weatherly has a clearly established right under Article 1, § 3a of the Texas Constitution to equal protection under the law.

38

255.    The requirements and punishments imposed upon Mr. Weatherly by Defendants through SORP will violate his right to equal protection under the law because Mr. Weatherly's alleged crime entirely lacked a sexual component, yet he will be forced to register as a sex offender under the SORP scheme while other crimes that involve minors and are nonsexual in nature do not require sex offender registration.

256.    Mr. Weatherly is similarly situated to other individuals who have committed crimes that involve minors but lack any sexual component.

257.    Mr. Weatherly is similarly situated to other individuals who have committed crimes that lack sexual components generally.

258.    Mr. Weatherly is similarly situated to other individuals who have committed unlawful restraint without any sexual component against people 17 years of age or older.

259.    Although Mr. Weatherly's alleged actions similarly lacked any sexual component, he is treated differently by being forced to register as a sex offender while similarly situated people do not face such punitive consequences.

260.    Mr. Weatherly will have to register as a sex offender, inform law enforcement of his sex offender status, and face the punishments and restrictions associated with being a sex offender, unlike those who are similarly situated to him.

261.    Defendants have no legitimate or compelling governmental interest in forcing Mr. Weatherly, or other people who have allegedly committed nonsexual crimes, to register as sex offenders.

262.    Treating Mr. Weatherly differently from others who have allegedly committed crimes lacking any sexual component is wholly irrational because it misinforms the public.

263.     By forcing Mr. Weatherly to register as a sex offender, Defendants mislead the public regarding who has committed sexual crimes in the state of Texas.

264.     Defendants will promote misleading information when they publish Mr. Weatherly's status as a sex offender.

265.     Promotion of this misleading information is not rationally related to or narrowly tailored to achieve any legitimate or compelling governmental interest.

### Count IX: Violation of Speech Rights through Compelled Speech under the Texas Constitution
Tex. Const. art. 1, § 8; 28 U.S.C. § 1367
*Against All Defendants*

266.     Mr. Weatherly incorporates by reference each and every allegation contained in paragraphs 1–109 as if fully set forth herein.

267.     Mr. Weatherly is a citizen of Texas and all Defendants to this claim are subject to the Texas Constitution.

268.     Mr. Weatherly has a clearly established right under Article 1, § 8 of the Texas Constitution to be free from speaking against his will.

269.     The requirements of SORP will force Mr. Weatherly to speak against his will by registering as, and thus proclaiming himself, a sex offender.

270.     Texas, via registration documents and Texas's online sex-offender registry, will force Mr. Weatherly to address such speech to the public at large every time he moves to a location in Texas and stays there for more than seven days. If Mr. Weatherly refuses to engage in such speech, he will commit a felony. TEX. CODE CRIM. PROC. art. 62.102.

271.     Rockport, through registration documents and requirements, will force Mr. Weatherly to speak against his will by registering as, and thus proclaiming himself, a sex offender.

272.     Because Mr. Weatherly has never been accused, let alone convicted, of a crime with a sexual element or of engaging in any prohibited sexual act, the Defendants will, by enforcing Article 62.001(5)(E), compel Mr. Weatherly to engage in speech that is literally false and misleading.

273.     The state interest furthered by enforcing Article 62.001(5)(E) against Mr. Weatherly and those similarly situated is not sufficiently compelling, important, substantial, or legitimate to overcome Mr. Weatherly's constitutional right to be free from engaging in false speech against his will.

274.     Because it applies to people who have not committed crimes that are sexual in nature or contain a sexual element, Article 62.001(5)(E) is overinclusive and thus not sufficiently tailored or related to furthering the state's interest in protecting the public from sex offenders or aiding law enforcement in preventing and punishing sex offenses.

275.     Because Article 62.001(5)(E) requires all people convicted of certain crimes without a sexual element to register as sex offenders, the SORP scheme violates the Texas Constitution as applied to all such people for the same reasons it does so as applied to Mr. Weatherly. Therefore, a substantial number of Article 62.001(5)(E)'s applications are unconstitutional, and Article 62.001(5)(E) is thus unconstitutionally overbroad.

### Count X: Violation of the Prohibition against Cruel and Unusual Punishment under the Texas Constitution
Tex. Const. art. 1, § 13; 28 U.S.C. § 1367
*Against All Defendants*

41

276.    Mr. Weatherly incorporates by reference each and every allegation contained in paragraphs 1–109 as if fully set forth herein.

277.    Mr. Weatherly is a citizen of Texas and all Defendants to this claim are subject to the Texas Constitution.

278.    Mr. Weatherly has a clearly established right under Article 1, § 13 of the Texas Constitution to be free from cruel and unusual punishment.

279.    It is a form of punishment for the state of Texas to require Mr. Weatherly, an individual who has never committed a sex offense or any crime of a sexual nature, to register as a sex offender.

280.    Public shaming—such as that inherent in SORP—is a traditional and historic form of punishment that promotes traditional aims of punishment.

281.    The public shaming of Mr. Weatherly produced by publishing his photo, name, and other biographic details on a publicly available website is excessive punishment with respect to the supposed purpose of the sex offender registry.

282.    The public notification requirements of the state sex-offender registry exist to inform community members when individuals who have been convicted of committing sexually violent or predatory acts move to their community.

283.    Mr. Weatherly has not committed a sexually violent or predatory act, and publicly notifying his community of his presence via the label of sex offender is excessive punishment for his nonsexual conviction.

284.    The local banishment resulting from municipal ordinances of Rockport and other Texas localities that restrict the residence and movement of registered sex offenders is a traditional and historic form of punishment that promotes traditional aims of punishment.

285.   Through municipal ordinances expressly permitted by the state of Texas, the SORP scheme imposes affirmative restraints on Mr. Weatherly's ability to establish a residence.

286.   SORP imposes affirmative restraints on Mr. Weatherly's freedom of movement by prohibiting him from entering or going near public parks in Texas.

287.   Requiring Mr. Weatherly to register as a sex offender has no rational connection to a non-punitive purpose.

288.   There is no societal benefit to placing Mr. Weatherly on the state sex offender registry when he was never charged with or convicted of a sexual offense. Requiring Mr. Weatherly to register as a sex offender is thus shocking and irrational.

289.   To the extent the sex offender registry seeks to notify members of the public about offenders who pose a risk of sexual abuse in their area, including Mr. Weatherly on the registry undermines this purpose because he never committed a crime that is sexual in nature.

290.   Public safety of the residents of Texas is not furthered by mislabeling Mr. Weatherly a sex offender and diluting any utility of the state sex offender registry in accurately informing the public about persons with criminal convictions of a sexual nature.

291.   The residency and movement restrictions allowed under SORP are excessive punishments with respect to the original purpose of the state sex offender registry.

292.   The state sex-offender registry is meant to serve as a law enforcement information-gathering and public notification tool. It is excessive punishment to use this tool to limit the residence and movement of Mr. Weatherly.

293.   Placing Mr. Weatherly on the public state sex offender registry for ten years, in addition to the prison time he must serve for his conviction, is grossly disproportionate to the

offense of unlawful restraint of a minor where the minor experienced no sexual contact or abuse and the person allegedly committing the crime lacked intent to commit a sexual act.

294.    It is grossly disproportionate to Mr. Weatherly's criminal offense of unlawful restraint of a minor, where the minor experienced no sexual contact or abuse and the person allegedly committing the crime lacked intent to commit a sexual act, to subject him to residency and movement restrictions, including those that prevent him from living near or visiting public parks in Texas.

295.    Defendants will not achieve the goals of deterrence, incapacitation, or rehabilitation by placing Mr. Weatherly on the sex offender registry because he did not commit a sexual offense.

296.    Defendants will not achieve the goals of deterrence, incapacitation, or rehabilitation by preventing Mr. Weatherly from living near or visiting public parks in Texas because such residence and movement restrictions are completely arbitrary in relation to his criminal offense, which did not take place at or near a public park.

297.    It is cruel and unusual for Defendants to subject Mr. Weatherly to SORP for ten years and face the lifelong stigma associated with registration as punishment for a crime containing no sexual element.

298.    Mr. Weatherly's constitutional rights were violated when he was ordered to register as a sex offender upon his release from prison.

299.    Defendants will continue to violate Mr. Weatherly's constitutional rights by arbitrarily and unjustly subjecting him to SORP and Article 62.001(5)(E).

## VI.    PRAYER FOR RELIEF

Wherefore Plaintiff requests that the Court:

(I) Enter a judgment declaring that Article 62.001(5)(E) is unconstitutional facially and as applied to Plaintiff under:

- The Substantive Due Process requirement of the Fourteenth Amendment to the U.S. Constitution;
- The Procedural Due Process requirement of the Fourteenth Amendment to the U.S. Constitution;
- The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution;
- The First Amendment to the United States Constitution;
- The Eighth Amendment to the United States Constitution;
- The Substantive Due Course of Law requirement of Article 1, Section 19 of the Texas Constitution;
- The Procedural Due Course of Law requirement of Article 1, Section 19 of the Texas Constitution;
- The Equal Protection requirement of Article 1, Section 3a of the Texas Constitution;
- Article 1, Section 8 of the Texas Constitution; and
- Article 1, Section 13 of the Texas Constitution.

(II) Enter a preliminary and permanent injunction against Defendants, their employees, agents, assigns, and all persons acting in concert with them, to enjoin the following:

- Enforcement against Plaintiff and/or any other person of the portions of the SORP scheme, including Article 62.001(5)(E) and any and all ordinances, regulations, guidelines, or statutes that regulate those convicted of crimes without any sexual element as sex offenders; and
- Enforcement against Plaintiff and/or any other person of practices and policies by which Defendants enforce these provisions, as well as any and all implementing administrative or municipal rules and regulations.

(III) Award Plaintiff reasonable attorney's fees and costs in accordance with 42 U.S.C. § 1988(b); and

(IV) Grant any further relief that the Court may deem just and proper.

Dated: September 16, 2022                    Respectfully submitted,

*s/ Marissa K. Hatton*
Marissa K. Hatton (D.C. Bar No. 219291) (*pro hac vice forthcoming*)
Aderson Francois (D.C. Bar No. 498544) (*pro hac vice forthcoming*)
Lucia Goin (D.C. Bar No. 1739389) (*pro hac vice forthcoming*)
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue NW, Suite 352
Washington, DC 20001
Phone: (202) 661-6721
Aderson.Francois@georgetown.edu
Lucia.Goin@georgetown.edu
Marissa.Hatton@georgetown.edu

*s/ Sam Cole*
Sam Cole (TX Bar No. 24099154)
SAM COLE LEGAL SERVICES, PLLC
4421 Kelly Dr.
Richardson, TX 75082
(361) 649-2734
samcolelegalservices@gmail.com

*s/ Marwa Elbially*
Marwa Elbially (TX Bar No. 24090089)
ELBIALLY LAW OFFICE, PLLC
704 E. 15th Street, Suite 204
Plano, TX 75074
(972) 423-7330

*Attorneys for Plaintiff*