IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROHN M. WEATHERLY, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| GREG ABBOTT, THE TEXAS | § | A-22-CV-943-RP-ML |
| DEPARTMENT OF PUBLIC SAFETY, | § | |
| STEVEN C. MCCRAW, NELDA | § | |
| BLAIR, STEVE STODGHILL, DALE | § | |
| WAINWRIGHT, MICHELLE FARRIS, | § | |
| JEOFF WILLIAMS, | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court are Defendants' Opposed Motion to Abate Case (Dkt. #11), Defendants'

Motion to Dismiss (Dkt. #12), and all related briefing.[1]  After reviewing the pleadings, the relevant

case law, as well as the entire case file, the undersigned recommends the District Court find the

Motion to Abate is moot, grant the motion to dismiss, and dismiss the case.

## I. BACKGROUND

In 2014, Rohn Weatherly was staying in a motel when two fellow motel residents called

him into their room, demanded money from him, and threatened him with a weapon. Dkt. #1

(Compl.) ¶ 58. He ran out of the motel, entered into the first car he saw, and asked the driver of

the car to take him to his aunt's house, because he was scared of being harmed by the residents.

*Id*. ¶ 59. The driver exited the car. *Id*. Using a set of keys that were left in the ignition, Weatherly

---

[1] The motion was referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. #4.

drove away from the motel. *Id.* Upon realizing that his neighbor's daughter was in the car, Weatherly told her to put her seatbelt on and drove to the safest place he could think of—his aunt's house. His aunt confirmed both were safe. *Id.* ¶ 62. Weatherly returned that same evening to the motel with his aunt and his neighbor's daughter. His neighbor's daughter had not been hurt. *Id.* ¶ 63. Weatherly was arrested at the motel and later indicted in Tarrant County, Texas for kidnapping. *Id.* ¶ 64.

Weatherly's offense did not contain any element that is sexual in nature, nor was he accused of any sexual misconduct. *Id.* at 2. Weatherly was sentenced to fifteen years' confinement in state prison, and his judgment expressly stated, "Sex Offender Registration Requirements do not apply to the Defendant." *Id.* ¶¶ 67-68. Nearly four years after the judgment of conviction was entered, the trial court entered a nunc pro tunc order, substantively amending the January 15, 2016 judgment to state that sex-offender registration requirements did apply to Weatherly. *Id.* ¶ 72.

Weatherly filed this suit for declaratory and injunctive relief under 28 U.S.C. § 1983 to challenge the sex-offender registration statute. He claims the imposition of sex-offender registration violates his substantive due process rights, his procedural due process rights, and his equal protection rights, his rights to be free from cruel and unusual punishments, and his speech rights under the U.S. and Texas constitutions. *Id.* ¶¶ 110-299.

Weatherly also filed a state habeas petition. *See Ex parte Weatherly*, 2022 WL 5056882 (Tex. Crim. App. Oct. 5, 2022). On review, the Texas Court of Criminal Appeals concluded that if Weatherly's pleas to unlawful restraint of a child and theft were part of a "package deal," he might be entitled to habeas relief and remanded the case for supplemental findings of fact and conclusions of law. *Id.*

Defendants moved to abate the suit until Weatherly's habeas claims were resolved in state court. Dkt. #11. Defendants also moved to dismiss, arguing his claims were unripe, he lacked standing to assert claims against Defendant Governor Abbott, and Defendants were entitled sovereign immunity. Dkt. #12. Additionally, Defendants moved to dismiss for failure to state a claim under Rule 12(b)(6). *Id*. Weatherly opposed the motions, Dkt. #14, and Defendants filed a reply brief in support of their motions, Dkt. #15.

After briefing was completed, Defendants filed a notice that the Texas Court of Criminal Appeals had entered an order on Weatherly's habeas claims. Dkt. #16. The Texas Court of Criminal Appeals granted his request to withdraw his guilty plea. *Ex parte Weatherly*, No. WR-61,215-10, 2023 WL 2000064 (Tex. Crim. App. Feb. 15, 2023), reh'g denied (Mar. 29, 2023). Weatherly's criminal judgment was set aside, and he was remanded to the custody of the Sheriff of Tarrant County to answer the charges as set out in the indictment. *Id*. Rehearing was denied on March 29, 2023. *Id*. Although Defendants notified the court of this outcome, no party updated their briefing to address the decision's impact on the case.

## II.  MOTION TO ABATE

Defendants sought to abate the case pending final resolution of Weatherly's state habeas petition. The Court of Criminal Appeals has ruled on Weatherly's habeas petition and vacated his criminal judgment. Accordingly, this motion is moot.

## III.  MOTION TO DISMISS

Among their arguments, Defendants contend that if Weatherly is successful in his habeas petition, he will no longer have an injury that could be redressed by this suit. Therefore, if Weatherly succeeds on his habeas petition, he will lack the case-or-controversy needed to maintain standing. *See Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). Weatherly argues that the

case is not moot because he is still facing an indictment for an offense that ultimately requires sex offender registration.

Federal courts cannot consider the merits of a case unless it "presents an 'actual controversy,' as required by Art. III of the Constitution and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201." *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008) (quoting *Steffel v. Thompson*, 415 U.S. 452, 458 (1974)). The many doctrines that have fleshed out the "case or controversy" requirement—standing, mootness, ripeness, political question, and the like—are "founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))). These "doctrines state fundamental limits on federal judicial power in our system of government." *Id.*

"Justiciability concerns not only the standing of litigants to assert particular claims, but also the appropriate timing of judicial intervention." *Id.* (quoting *Renne v. Geary*, 501 U.S. 312, 320 (1991)); *see also LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005). The "essence" of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Barbour*, 529 F.3d at 544 (citing *Warth*, 422 U.S. at 498). In order to have standing, "a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury." *Id.* (quoting *Houston Chronicle Publ'g Co. v. City of League City, Tex.*, 488 F.3d 613, 617 (5th Cir. 2007)). An injury in fact is an invasion of a legally protected interest which is "actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

The standing question "bears close affinity to questions of ripeness—whether the harm asserted has matured sufficiently to warrant judicial intervention." *Id*. at 544-45 (quoting *Warth*, 422 U.S. at 499 n. 10). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Id*. (quoting *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003)). Ripeness often overlaps with standing, "most notably in the shared requirement that the injury be imminent rather than conjectural or hypothetical." *Id*. (quoting *Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.*, 462 F.3d 219, 225 (2nd Cir. 2006)).

"[T]he ripeness doctrine seeks to separate matters that are premature for review because the injury is speculative and may never occur, from those cases that are appropriate for federal court action." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 n.12 (5th Cir. 2008).

> A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical. The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

*New Orleans Public Service, Inc. v. Council of New Orleans*, 833 F.2d 583 586-87 (5th Cir. 1987) (citations omitted). For these reasons, a declaratory judgment cannot be based on a possible future factual situation that may never develop. *Id*. at 587-88; *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (citation and internal quotation marks omitted).

In contrast, "[a] case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 469 (5th Cir. 2020) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91

(2013) (some quotation marks omitted)). "An actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC*, 568 U.S. at 90–91 (internal quotation marks omitted).  The mootness doctrine "ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit." *Meadows v. Odom*, 198 F. App'x 348, 351 (5th Cir. 2006) (quoting *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004)).  "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC*, 568 U.S. at 91. A case is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Green Valley Special Util. Dist.*, 969 F.3d at 469 (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quotation marks and alteration omitted)); *Allied Home Mortg. Corp. v. U.S. Dep't of Hous. & Urb. Dev.*, 618 F. App'x 781, 788 (5th Cir. 2015) (case is moot when "effective relief is not available").

In this case, the standing and ripeness issues both turn on whether Weatherly's alleged injury—registration as a sex offender—is actual or imminent rather than conjectural or hypothetical. Weatherly, as plaintiff, bears the burden of establishing standing and ripeness. *See Barbour*, 529 F.3d at 545.

Weatherly argues that "Defendant's [sic] argument for mootness is predicated on a series of numerous, uncertain factual developments that have yet to occur. Each of these factual developments is unguaranteed, and all of them are necessary for Defendants' conjectural mootness theory to hold." Dkt. #14 at 5. In contrast, he contends the requirement that he register as a sex offender is "inevitable" because he was indicted on a mandatory registration charge. But his description of Defendants' argument could easily be applied to his own—"[Weatherly's] argument

for [ripeness] is predicated on a series of numerous, uncertain factual developments that have yet to occur. Each of these factual developments is unguaranteed, and all of them are necessary for [Weatherly's] conjectural [ripeness] theory to hold." As Defendants point out, "[t]here are also permutations of events in which Weatherly is *not* reconvicted of unlawful restraint of a child under the age of 17—either because the State decides to drop the charge (perhaps charging [or plea bargaining] him with a different offense that does not require sex offender registration) or because he prevails in trial after pleading not guilty to the original charge," which requires intentional or knowing restraint of a child and he contends he was unaware the child was in the car. Dkt. #15 at 3.

To the extent Weatherly's claim rest on the imposition of his registration requirement after his judgment became final, those claims are moot. The criminal judgment has been vacated and Weatherly is not currently subject to the requirement that he register as a sex offender upon his release from custody.

To the extent his claims are based on the *future* imposition of a registration requirement, those claims are not yet ripe. At this time, he has only been indicted on a charge that carries a registration requirement. However, despite his apparent position that his guilt is a foregone conclusion, he remains innocent until proven guilty. As Defendants point out, he may plead to an offense that does not require registration or he may be found not guilty of the indicted offense. In other words, the requirement that he register is not imminent. It is merely one of several possible outcomes to his criminal charge.

Weatherly also argues he will be prejudiced if the court does not hear his case now. Again, he claims that his registration requirement is inevitable. Weatherly argues he could be sentenced to time served and immediately face the registration requirement if he is found guilty. While the

court is sympathetic to this concern, it still rests on the hypothetical that he be found guilty of the charged offense.

Accordingly, the undersigned will recommend the case be dismissed without prejudice.

## IV.  RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** Defendants' Opposed Motion to Abate Case (Dkt. #11) be **DISMISSED AS MOOT**, Defendants' Motion to Dismiss (Dkt. #12) be **GRANTED IN PART**,[2] and the case be **DISMISSED WITHOUT PREJUDICE**.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED May 5, 2023,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned makes no findings or determinations as to Defendants' other grounds to dismiss.