IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ROHN M. WEATHERLY**, *Plaintiff*, | § § § | |
| v. | § § | Cause No. 1:22-CV-00943 |
| **GREG ABBOTT**, Governor of the State of Texas, in his official capacity; *et al.*, *Defendants*. | § § § § | |

### PLAINTIFF'S STATEMENT OF NOTICE AND NON-OPPOSITION REGARDING MAGISTRATE LANE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(2), Local Rule 72, and Rule 4(b) of Appendix C ("Local Rules for the Assignment of Duties to United States Magistrate Judges") to the Local Rules of this Court, Plaintiff submits the following statement of notice and non-opposition to the Honorable United States Magistrate Judge Mark Lane's Report and Recommendation (the "Report") issued on May 5, 2023. *See* ECF No. 17.

Addressing Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 12), the Report concludes that Plaintiff's claims challenging Texas's sex-offense registration requirement are moot in light of an order recently entered by the Texas Court of Criminal Appeals on Mr. Weatherly's then pending writ of habeas. *See* ECF No. 17 at 7. That order set aside the criminal judgment to which Mr. Weatherly's sex-offense registration requirement attached.[1] *See* ECF No. 16, Exh. A. On the basis that Mr. Weatherly's "criminal judgment has been vacated and [he] is not currently subject to the requirement that he register as a sex offender upon his release from custody," ECF No. 17 at 7, the Report recommends granting Defendant's Motion to Dismiss without prejudice. *Id.* at 8; *see also, e.g.*,

---

[1] Mr. Weatherly's writ of habeas challenged his guilty pleas to two charges, theft and unlawful restraint of a minor. *See* ECF No. 16, Exh. A at 2 & n.1. Only the latter requires mandatory sex-offense registration under Texas law. *See* Tex. Code Crim. Proc. art. 62.001(5)(E).

*Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 468 (5th Cir. 2020) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction . . . it should be without prejudice.") (internal quotation marks omitted).

Plaintiff respectfully wishes to notify the Court of further factual developments that ultimately support the Report's conclusion that this case is moot. Following the judgment of the Texas Court of Criminal Appeals, Mr. Weatherly was remanded to the custody of the Sheriff of Tarrant County to answer to the charges set out in the indictment. *See* ECF No. 16, Exh. A at 2 ("The judgment in cause number 1380491D in the 371st District Court of Tarrant County is set aside, and Applicant is remanded to the custody of the Sheriff of Tarrant County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.") (footnote omitted). The outstanding indictment charged Mr. Weatherly with kidnapping ("Count 1"), and with unlawful restraint of a minor ("Count 2")—both charges that, if they result in convictions, require mandatory sex-offense registration under Texas law. *See* Tex. Code Crim. Proc. art. 62.001(5)(E).

Shortly thereafter, Mr. Weatherly signed a plea-in-bar agreement, in which he acknowledged that the State had "waived count 1," and he admitted guilt to the unlawful-restraint charge, on the understanding that "prosecution of [the unlawful-restraint offense] is barred." *See* Exhibit A, Plea in Bar, at 1; *see also* Tex. Penal Code § 12.45(a), (c) (stating that "[a] person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses," and "[i]f a court lawfully takes into account an admitted offense, prosecution is barred for that offense"). During his plea colloquy with the 371st Judicial District Court in Tarrant County, Texas, held the same day, the court explained that the State's waiver of the kidnapping charge and Mr. Weatherly's plea in bar of prosecution on unlawful restraint prevent the State from re-indicting or re-prosecuting Mr. Weatherly for either charge. *See* Exhibit B, Transcript of Proceedings for Mr.

2

Weatherly's Plea in Bar, at 5–6 (stating that "[Texas] can't prosecute you [for unlawful restraint], they can't bring it back, they can't sentence you for it . . . . [Y]ou don't have any collateral consequences that will follow, and it doesn't require registration because there's no conviction," and that the kidnapping charge "will be waived, so that case will be done").

As a result, the State is now prevented from charging or prosecuting Mr. Weatherly with either kidnapping or unlawful restraint of a minor on the basis of the events giving rise to the indictment. Because a plea in bar does not result in a conviction to which registration can attach, *see* Tex. Code Crim. Proc. art 62.001(5), 62.051 (stating that registration attaches to "reportable conviction or adjudication[s]"); *Hilburn v. State*, 946 S.W.2d 885, 886 (Tex. App. 1997) (explaining that an admission of guilt pursuant to a plea in bar is not a "convict[ion]" and considered "unadjudicated"), and the State's waiver of the kidnapping charge in the plea in bar likely prevents it from re-prosecuting Mr. Weatherly for kidnapping in the future, *see, e.g., Krobar Drilling, L.L.C. v. Ormiston*, 426 S.W.3d 107, 115 (Tex. App. 2012) (holding that a party is precluded from "adopting a position inconsistent with one that it maintained successfully in an earlier proceeding"), Plaintiff agrees that there is no "present controversy" to adjudicate, *see Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).[2]

On the basis of these factual developments, Plaintiff agrees with the Report's conclusion that Mr. Weatherly's case is presently moot.

---

[2] Plaintiff agrees with the Report's ultimate conclusion but respectfully disagrees with the present grounds upon which the Report's conclusions are based. The judgment of the Texas Court of Criminal Appeals vacated only Mr. Weatherly's guilty plea to the unlawful-restraint charge, and left intact his indictment for that charge. Relief that leaves in place a pending indictment cannot moot a case because the issues presented are still live—there remains "actual controversy about the plaintiff's particular legal rights." *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Thus, because the judgment of the Texas Court of Criminal Appeals left intact Mr. Weatherly's pending indictment, that judgment alone could not have mooted Mr. Weatherly's present case before this Court.

3

Dated: May 12, 2023

Respectfully submitted,

*/s/ Lucia Goin*
Lucia Goin (D.C. Bar No. 1739389)
(*pro hac vice*)
Aderson Francois (D.C. Bar No. 498544)
(*pro hac vice forthcoming*)
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue NW, Suite 352
Washington, DC 20001
(202) 661-6721
Lucia.Goin@georgetown.edu
Aderson.Francois@georgetown.edu

*/s/ Sam Cole*
Sam Cole (TX Bar No. 24099154)
SAM COLE LEGAL SERVICES, PLLC
4421 Kelly Dr.
Richardson, TX 75082
(361) 649-2734
samcolelegalservices@gmail.com

*/s/ Marwa Elbially*
Marwa Elbially (TX Bar No. 24090089)
ELBIALLY LAW OFFICE, PLLC
704 E. 15th Street, Suite 204
Plano, TX 75074
(972) 423-7330
info@elbiallylaw.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2023, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide copies to all counsel of record.

*/s/ Lucia Goin*
Counsel for Plaintiff
